DOYLE EUGENE GROVES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Groves v. Commissioner
Docket No. 12521-89
United States Tax Court
T.C. Memo 1991-172; 1991 Tax Ct. Memo LEXIS 193; 61 T.C.M. (CCH) 2415; T.C.M. (RIA) 91172; April 16, 1991, Filed *193 Decision will be entered for the respondent. Held: Unreported compensation income is taxable to petitioner, and the negligence addition as determined by respondent is applicable. Doyle Eugene Groves, pro se. John R. Kennan, for the respondent. WHITAKER, Judge. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency in petitioner's 1986 Federal income tax in the amount of $ 873, an addition to tax under section 6653(a) (1) (A) [1] in the amount of $ 44, and an addition to tax under section 6653(a) (1) (B) equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of the rules and regulations. The parties have stipulated the receipt of unreported income in the amount of $ 2,705.46, which is the income on which the deficiency was based. Thus, the issues for decision are whether the unreported income is taxable to petitioner and the applicability of the negligence addition to tax. The parties have also stipulated that petitioner is not liable for self-employment tax on the compensation he received from his employer. *194 FINDINGS OF FACT Petitioner resided in Cleveland, Tennessee, at the time he filed his petition with this Court. He timely filed his Federal income tax return for the 1986 taxable year with the Internal Revenue Service Center, Memphis, Tennessee. The statutory notice of deficiency, dated March 7, 1989, was sent to petitioner at his last known address. During the year 1986 petitioner worked for Kathy W. and Charles D. Lowrance doing business as Lowrance Trucking in Dalton, Georgia. Petitioner was paid $ 2,705.46 during that year on which there was no withholding of income tax. Petitioner received from his employer a Form 1099-MISC which purported to show that petitioner received this sum as "Nonemployee compensation." The form showed that no Federal income tax had been withheld. Petitioner knew that no withholding of income tax had taken place and that he owed Federal income tax on this compensation. He failed to include or report that compensation on his Federal income tax return because of the lack of withholding by his employer. OPINION In view of the stipulation, the issues before the Court are whether petitioner is taxable on the $ 2,705.46 and whether the negligence *195 addition is appropriate in this case. As we advised petitioner during trial, he owed income tax on this compensation, whether paid to him as an employee or otherwise. We confirm again that the $ 2,705.46 was taxable income and should have been included on petitioner's 1986 Federal income tax return. Negligence is defined in section 6653(a) (3) in part as including "any failure to make a reasonable attempt to comply with the provisions of this title," and petitioner's omission of this compensation from his return is such a "failure." Petitioner concedes that he knew that the unreported income was taxable and should have been included on his Federal income tax return. Thus, his failure to so include this income means that he failed "to make a reasonable attempt to comply with the provisions" of section 6653(a). We, therefore, find that petitioner is liable for the negligence addition. Decision will be entered for the respondent. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code as amended and in effect for the year in issue. ↩